MUTUAL LIFE INS. CO. OF NEW YORK v. POWELL.

(Circuit Court, W. D. Pennsylvania. September 5, 1898.)

MUNICIPAL LIENS—REGISTRATION OF TITLE—CHANGE OF OWNERSHIP.

Under Act Feb. 24, 1871 (Pa. P. L. 126), providing for the registration of title to city real estate, and that no property so registered shall be subject to sale for taxes or other municipal claims thereafter to accrue as liens of record thereon, except in the name of the registered owner, where a deed has been properly returned for registration a subsequent filing of a plan of lots covering the same property as the property of third persons does not constitute a change of the registered owner, so as to render a municipal claim filed against the last-named persons a valid lien, there being no transfer of title shown from the grantee in the deed, and nothing of record showing that the property is the same.

Exceptions to Marshal's Return of Sale.

Willis F. McCook, for plaintiff.
J. E. & E. G. Ferguson, for exceptants Murphy & Hamilton.

BUFFINGTON, District Judge. This case concerns exceptions to a return of the marshal reporting distribution of real estate in Pitts-

burg, belonging to Mrs. Isabella C. Powell, sold on levari facias. The marshal applied the fund in part to two municipal liens of said city against Mrs. S. Sargeant and one against Mrs. S. J. Sargeant, to the exclusion of the mortgage given by Mrs. Isabella C. Powell to Murphy & Hamilton. The property in question, with the exception of a small part, hereinafter referred to, was originally owned by Isabella M. Negley, by virtue of a deed of James Ross, dated December 15, 1837. On May 16, 1874, in pursuance of the provisions of section 3 of Act Feb. 24, 1871 (P. L. 126), this deed was reported to the office of the city engineer of Pittsburg. Section 4 of said act, after providing for returns of descriptions of lands, then provides: "No property so returned shall be subject to sale for taxes or other municipal claims thereafter to accrue as lien of record thereon, except in the name of the owners as returned, and after recovery by suit and service of the writ on him, as in the case of a summons, scire facias or other appropriate writ." In Trust Co. v. Fricke, 152 Pa. St. 236, 25 Atl. 530, this provision was applied to the registration of a deed under the third section. It would therefore follow that municipal liens thereafter filed against this property should be in the name of Isabella M. Negley, the registered owner. But it is claimed in behalf of the city that she was not the last registered owner, and that these liens are in the name of the duly registered owner. That contention is based on the following facts: Prior to said registration, Isabella M. Negley had become, by marriage, Isabella M. Beatty. A partition of her real estate had been had in the orphans' court of Allegheny county, and on September 30, 1871, the land in question was awarded to her daughter, Isabella C. Beatty, then intermarried with James Fuller. Subsequently, Mrs. Fuller was divorced, and on December 21, 1882, married Samuel J. Sargeant, who died May 30, 1885. In 1894 she married Edwin C. Powell. On September 1, 1885, which was subsequent to Mr. Sargeant's death, a plan of lots of the property in question, and which purported to be "a plan of property in the Nineteenth ward, city of Pittsburg, belonging to S. J. Sargeant and wife," was filed with the city engineer. The plan was marked, "Approved Sept. 1, 1885. E. M. Bigelow, City Engineer," and was entered in the "Original Plan Book" of the city. Was this a registration of Mrs. Sargeant as owner? After careful consideration, we are of opinion it was not, and that the name Isabella M. Negley still continued to be the last registered name. The act in question provides the city shall keep "books of plans of the said city, * * * which shall show * * * who are the owners, with such succession of blank columns as will permit the names of future owners to be entered therein, with the dates of transfers, and with index for recording such names alphabetically * * * and the said city engineer shall keep the books in his office, so as to show at all times who are the owners of the lots on the plans; and such books shall be kept in such manner as not to destroy the evidence of ownership at any previous time, but by additions which will show the subdivisions of property, and the owners thereof, as transmissions of title may take place." Laws 1871, pp. 126, 127, §§ 1, 2. It will thus be seen the act provided a methodical system of carrying forward the evidence of ownership as changes of

ownership occurred. Now, there is no evidence whatever that any transfer was ever noted on the books from Isabella M. Negley. The partition seems never to have been reported. The date of transfer to Isabella C. Beatty by the partition was not noted, nor was any name carried to the alphabetical index. For aught that now appears, a conveyancer would find in the city record the name of Isabella M. Negley alone as the registered owner. The plan in evidence disclosed no connection between it and the Negley land, that it was a subdivision thereof, or that S. J. Sargeant and wife's land was the Negley land. The entry on the plan, "Approved," is not an entry authorized or directed by the act in question, and it cannot, therefore, be deemed evidence of registration. Assuming for present purposes that the bare plan or draft before us is a description contemplated by the fourth section, it would seem that the certificate provided by said section, and referred to at length in the tenth section, was not entered on the plan. What the significance of the entry "Approved" is—whether it is made in pursuance of the obligation upon the maker of a city plan, under the act of April 8, 1867 (P. L. 919), or other legislation or municipal ordinance—we are not called upon to inquire. Certain it is that it is not required by the act now before us, which is a mere provision for the registration and preservation of the evidence of ownership of city real estate. As to this land, therefore, the liens, not being filed in the name of the registered owner as returned, viz. Isabella M. Negley, cannot be sustained. It is conceded that a small additional portion of the property in question was conveyed to Isabella C. Sargeant by D. P. Reighard, and that she was duly registered as owner thereof on June 8, 1891. The liens in question were not filed "in the name of the owner as returned," of this particular piece, and it would be inequitable to enforce them against the present exceptants. On the whole, therefore, we are of opinion the exceptions should be sustained, and the fund in court decreed to the Hamilton & Murphy mortgage; and it is so ordered.